# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Misti Nicole Allen, | ) |
|         Plaintiff, | ) Civil Action No.: 2:17-cv-01571-JMC |
| v. | ) **ORDER** |
| Commissioner of Social Security Administration, | ) |
|         Defendant. | ) |

Before the court for review is the Magistrate Judge's Report and Recommendation ("Report"), addressing Plaintiff Misti Nicole Allen's ("Plaintiff") claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act (the "Act"). (ECF No. 21 at 1.) The Report recommends remanding this matter for further administrative proceedings. (*Id.*) For the reasons stated herein, the court **ACCEPTS** the Report, **REVERSES** the decision of Commissioner of Social Security Administration ("Commissioner"), and **REMANDS** the action for additional administrative proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 21.) As brief background, Plaintiff alleged that she has a disability due to "chronic back pain; difficulty moving; stiffness; numbness in right knee; fibromyalgia; arthritis in right hand; interstitial cystitis; post traumatic stress disorder; depression; anxiety; panic attacks; and insomnia." (*Id.* at 1.) The Administrative Law Judge ("ALJ") held a hearing on Plaintiff's denied DIB and SSI application on December 9, 2016, and issued a decision on February 23, 2017. (*Id.* at 2.) The ALJ found that under the Act, Plaintiff was not disabled.

1

(*Id.*)  Plaintiff requested review by the Appeals Council ("Council"), which was denied, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.  (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review).

On June 16, 2017, Plaintiff filed a Complaint seeking judicial review of the final decision. (ECF No. 1).  Plaintiff asserts the ALJ failed to properly evaluate her disability claim by not assigning proper weight to Plaintiff's own testimony and the opinion of Plaintiff's treating physician, Dr. Geera Desai.  (ECF No. 16 at 10, 15–17.)  Plaintiff also contends the ALJ erred by ignoring the overall findings of the reports of the treating and examining healthcare providers, posing inadequate hypothetical questions, and, in light of the objective medical evidence in the record, concluding Plaintiff had the ability to perform sedentary work.  (*Id.* at 14, 17–20.)

On January 30, 2019, the Magistrate Judge filed her Report.  (ECF No. 21.)  The Magistrate Judge recommended remanding this matter for further consideration, finding "the ALJ failed to adequately explain his decision to accord 'little evidentiary weight' to the opinion of Dr. Desai—the only treating physician of record—and that his perfunctory rejection of this opinion was not supported by substantial evidence."  (*Id.* at 6.)

On February 11, 2019, the Commissioner notified the court that she would not be filing objections to the Magistrate Judge's Report, but that the Commissioner's "response should not be construed as a concession . . . that her administrative decision denying benefits to Plaintiff was not substantially justified."  (ECF No. 23 at 1.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making de novo determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

The parties were apprised of their opportunity to file specific objections to the Report on January 30, 2019. (ECF No. 21.) Objections to the Report were due by February 13, 2019. (*Id.*) On February 11, 2019, the Commissioner notified the court that she would not object to the Magistrate Judge's Report, but stated that her failure to object "should not be construed as a concession . . . that her administrative decision denying benefits to Plaintiff was not substantially justified." (ECF No. 22 at 1.) Plaintiff has not filed any objection to the Report. Since no specific

objections were filed by either party and the Report does not contain clear error, the court adopts the Report herein. *See Camby*, 718 F.2d at 199; *Diamond*, 416 F.3d at 315.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 21) and incorporates it herein. Therefore, the court **REVERSES** the decision of the Commissioner of Social Security Administration and **REMANDS** this case for further administrative action in accordance with 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 20, 2019
Columbia, South Carolina